IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DARREN C. BLUEMEL,<br><br>    Plaintiff,<br><br>vs.<br><br>CLINT FRIEL, et al.,<br><br>    Defendants, | MEMORANDUM DECISION AND ORDER DISMISSING §2254 PETITION AND DENYING MOTIONS<br><br><br><br>Case No. 2:04-CV-1082 TS |

    Petitioner, Darren C. Bluemel, an inmate at Utah State Prison, requests habeas corpus relief.[1]  Because Petitioner has filed his petition past the applicable period of limitation, the Court denies his petition.

    Petitioner's state judgment of conviction for murder with a five-years-to-life sentence was entered August 30, 1999.  His conviction became final on September 29, 1999--the deadline he missed for filing an appeal.  On that date, the one-year period of limitation began running on Petitioner's right to bring a federal habeas petition.  Even so, Petitioner waited until November 23, 2004, to file his current petition.

    By statute, the one-year period of limitation is tolled for "[t]he time during which a

---

[1] *See* 28 U.S.C.S. § 2254 (2006).

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[2]  Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'"[3]

Regarding statutory tolling, at separate times, Petitioner filed three different petitions for post-conviction relief in state court.  After 331 days of the federal period of limitation had ticked away, on August 25, 2000, Petitioner filed his first state post-conviction petition.  This petition was dismissed on December 11, 2000, and not appealed.  January 10, 2001 was the last day Petitioner could have filed a notice of appeal.  Another eight days ticked away (making a total of 339 days gone by), when the second state post-conviction petition was filed on January 19, 2001.  This second petition was dismissed on March 2, 2001, and not appealed.[4]  April 2, 2001 was the last day Petitioner could have filed a notice of appeal.  The federal period of limitation of 365 days expired, at the latest, on April 29, 2001.

By the time Petitioner filed this federal petition on November 23, 2004, he had exceeded the period of limitation by more than three-and-a-half years.

It is true that a third petition was filed on June 8, 2001.  This petition was dismissed, then taken through the appeals process, which ended on December 2, 2003, with the denial of Petitioner's petition for writ of certiorari to the Utah Supreme Court.  However, that proceeding is irrelevant to this analysis because it was not filed

---

[2]*Id.* § 2244(d)(2).

[3]*Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).

[4]The Court assumes without deciding that this petition was properly filed.

until after Petitioner's federal time limit had already expired.  "[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'"[5]

Petitioner excuses his failure to timely file his petition by asserting he lacked access to a law library and other resources, has no legal education or training, has brain damage and mental illness, was transferred to another facility without his legal materials for a period, and he was just generally excusably neglectful.  Based on these circumstances, he argues that the Court should apply equitable tolling to rescue him from the period of limitation's operation.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."[6]  Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'"[7] And, Petitioner "has the burden of demonstrating that equitable tolling should apply."[8]

---

[5] *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

[6] *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).

[7] *Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citation omitted).

[8] *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished).

Against the backdrop of these general principles, the Court considers Petitioner's specific arguments.  First, Petitioner asserts that his lateness should be overlooked because he lacked a law library, legal training, and had only limited help from prison contract attorneys.  The argument that a prisoner "had inadequate law library facilities" does not support equitable tolling.[9]  Further, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'"[10]

Next, Petitioner's arguments regarding his mental capacity must fail because they do not involve an external situation.  Simply put, Petitioner's mental status does not implicate an "exceptional circumstance" supporting equitable tolling.[11]

Third, as to Petitioner's argument that a transfer to another facility disrupted his ability to pursue his habeas claims and deprived him of his legal materials for a time, Petitioner does not state how this could possibly account for the many years of failing to pursue his claims in federal court.  This argument thus fails.  Finally, Petitioner's assertion of excusable neglect is unavailing.  After all, the Tenth Circuit has held that "[s]imple excusable neglect is not sufficient" to trigger equitable tolling.[12]

---

[9]*McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005) (unpublished); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

[10]*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

[11]*See McCarley*, 2005 U.S. App. LEXIS 14335, at *3-4 (holding assertion of brain damage did not warrant equitable tolling); *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) ("[T]he Tenth Circuit has never held that mental incapacity tolls the statute of limitations.").

[12]*Gibson*, 232 F.3d at 808.

During the running of the federal period of limitation and three-and-a-half years beyond, Petitioner took no steps himself to "diligently pursue his federal claims."  In fact, all Petitioner's excuses are undercut by the fact that he was able to file and pursue to finality three state post-convictions between the time of his conviction and the time he filed this federal habeas petition.  In sum, none of the circumstances raised by Petitioner rendered it beyond his control to timely file his petition here.

Accordingly, the current petition before the Court was filed past the one-year period of limitation.  And, it appears neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation.  It is therefore

ORDERED that this petition is DENIED because it is barred by the applicable period of limitation.  It is further

ORDERED that all pending motions are DENIED as moot. The clerk of court is directed to close this case.

DATED  September 26, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge